**Elizabeth BOEHM, Appellant,**

v.

**Terry REED, Respondent,**

**Jeremy Lyons, Defendant.**

**No. WD 56955.**

Missouri Court of Appeals,
Western District.

Jan. 18, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 29, 2000.

Application for Transfer Denied
April 25, 2000.

Andrew Jay Gelbach, Warrenburg, for appellant.

Scott Lee Templeton, Kirksville, for respondent.

Before BRECKENRIDGE, C.J., P.J., ULRICH, and EDWIN H. SMITH, JJ.

ROBERT G. ULRICH, Judge.

Elizabeth Boehm appeals from the judgment of the trial court overruling her request for prejudgment interest under section 408.040, RSMo 1994. Ms. Boehm

contends that the trial court erred in denying prejudgment interest because her demand letters to Mr. Reed and his liability insurance company constituted a proper settlement demand as required by section 408.040, RMSo 1994, in that the amount requested in her demand letters was readily ascertainable and the thirty-day conditions of acceptance contained in her demand letter did not cause the demand offer to be open less than the statutorily-required, sixty-day period. The judgment of the trial court is affirmed.

## Background

On July 31, 1993, Ms. Boehm's thirteen-year-old daughter was killed in a motor vehicle accident while a passenger in a car driven by Terry Reed. Mr. Reed was insured at the time of the accident by American Standard Insurance Company of Wisconsin under a policy that provided liability limits of $50,000.

Ms. Boehm's attorney made a written demand upon Mr. Reed and his liability insurance company on October 26, 1993, for settlement of Ms. Boehm's claims. The demand letters were sent by certified mail and were received by Mr. Reed and his liability insurance company, American Standard Insurance Company. The letter to Mr. Reed stated in pertinent part:

It is my understanding that you have insurance with American Family and that the policy limits are $50,000. In accordance with Missouri Revised Statute 408.040, this letter is a formal demand for payment of $50,000 which has been represented to be the policy limits. I am willing to recommend a Chapter 537.065 Agreement which would give you full protection for any personal liability over your insurance coverage. My client would be preserving all other claims she may have against others for this most tragic incident. Please forward a copy of this letter immediately to your insurance company and your insurance agent. This offer is open for 60 days from the date of this letter. It is

specifically conditioned on the events occurring timely that I have listed in my letter to [insurance company's in-house counsel]. I have enclosed a copy of that letter for your convenience.

The letter to Mr. Reed's liability insurance company stated in pertinent part:

It is my understanding that Terry Reed was insured by American Family on the 1982 Datsun Sentra he was operating and the policy carried limits of $50,000 each person/$100,000 per occurrence. Assuming that information is correct, this letter is a formal demand for payment of the policy limits of $50,000 or whatever the total applicable liability insurance coverages are including any excess coverages. This offer is open for 60 days in accordance with Missouri Revised Statute 408.040, but it is conditioned upon the following events timely occurring: Receipt in my office within the next 30 days of a certified copy of the insurance policy . . .

Payment of the enclosed [$395.50] funeral charges within the next 30 days.

Payment of the enclosed [$2,598.23] medical expenses within the next 30 days.

Payment of the policy limits of all medical payment coverages that would apply to this accident.

No settlement was reached between the parties within sixty days from the date the letters were received.

Ms. Boehm filed her petition for damages for wrongful death against Mr. Reed on October 27, 1993, claiming that the death of her daughter was caused by the negligence of Mr. Reed. A jury trial was waived and the case was tried before the court. The court entered its judgment dated November 5, 1998, against Mr. Reed in the amount of $894,770.98 for actual and aggravated damages.

In her wrongful death action, Ms. Boehm requested prejudgment interest which, after a separate hearing, was denied by the court. The court found that

Ms. Boehm was not entitled to prejudgment interest because the demand upon Mr. Reed and his liability insurance company was not sufficiently definite and was conditional. This appeal followed.

## Standard of Review

In a court-tried case, appellate review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The appellate court must uphold the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or the trial court erroneously declared or applied the law. *Id.* at 32.

## Sixty–Day Demand Period

■ Ms. Boehm contends that the trial court erred in denying her prejudgment interest because her demand for payment was left open for sixty days pursuant to section 408.040, RSMo 1994, in that the thirty-day conditions contained in her demand letter did not cause the offer to be open less than the statutorily-required sixty-day period.

■ Section 408.040, RSMo 1994, provides in part:

In tort actions, if a claimant has made a demand for payment of a claim or an offer of settlement of a claim, to the party, parties or their representatives and the amount of the judgment or order exceeds the demand for payment or offer of settlement, prejudgment interest ... shall be calculated from a date sixty days after the demand or offer was made, or from the date the demand or offer was rejected without counter offer, whichever is earlier. *Any such demand or offer shall* be made in writing and sent by certified mail and shall *be left open for sixty days unless rejected earlier.*

§ 408.040.2, RSMo 1994(emphasis added). The prejudgment interest statute clearly requires that a demand for payment of a claim or an offer of settlement of a claim be left open for sixty days. An offer of settlement extended for less than sixty days breaches the statutory requirement that the offer be "left open for sixty days unless rejected earlier," thereby failing to invoke the statutory grant of prejudgment interest.

Under the law of contracts, the continuing power of acceptance created by an offer may be terminated in a variety of ways including acceptance, rejection, lapse of time, revocation or death or incapacity of either party. 1 SAMUEL WILLISTON & RICHARD A. LORD, A TREATISE ON THE LAW OF CONTRACTS § 5:2, at 622 (4th ed.1990). In addition to these primary means of terminating the power of acceptance, other circumstances may cause an offer never to ripen into a contractual obligation. *Id.* at 623. The Second Restatement of Contracts provides that the non-occurrence of any condition of acceptance under the terms of an offer will terminate the offeree's power of acceptance. RESTATEMENT (SECOND) OF CONTRACTS § 36(2) (1979). Inherent in the offeror's power as master of his offer is the power to insist that the offer may terminate upon the occurrence of a condition and that it may only be accepted in accordance with the conditions stated by it. 1 WILLISTON, *supra*, § 5:2, at 624.

■ The non-occurrence of any of the conditions of acceptance contained in the settlement offer, including the conditions required to be completed within thirty days, terminates the power of the insurance company to accept Ms. Boehm's settlement demand. The thirty-day conditions of acceptance, in effect, reduced Ms. Boehm's settlement demand to a thirty-day offer as the insurance company is forced to comply with the thirty-day conditions in order to keep the settlement demand open. Accordingly, the thirty-day conditions of acceptance violate the sixty-day open offer requirement under section 408.040.2, RSMo 1994.

Because the settlement demand does not comply with the sixty-day open offer re-

quirement under section 408.040.2, RSMo 1994, discussion of the second point, whether the demand amount was readily ascertainable, is unnecessary.

The trial court did not err in denying Ms. Boehm's claim for prejudgment interest pursuant to section 408.040, RSMo 1994.

The judgment of the trial court is affirmed.

All concur.